**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OMEGA US INSURANCE, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-01484** |
| | § | |
| **JERRY HEITZMAN** | § | **JURY** |
| **CONSTRUCTION, et al.** | § | |
| **Defendants.** | § | |
| | § | |

---

**DEFENDANTS STEVE MOSTYN AND AMBER MOSTYN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR DECLARATAORY JUDGMENT UNDER FRCP
RULES 12(b)(1) AND 12(b)(6)**

---

Respectfully submitted,

**THE MOSTYN LAW FIRM**
*/s/ René M. Sigman*
René M. Sigman          Attorney-in -Charge
Federal Bar No. 900984
Texas Bar No. 24037492
Kay K. Morgan
Federal Bar No. 2924
Texas Bar No. 05358600
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

## <u>TABLE OF CONTENTS</u>

I.      NATURE AND STAGE OF PROCEEDINGS      6

II.     ISSUES PRESENTED      7

III.    SUMMARY OF ARGUMENT      8

IV.    ARGUMENT AND AUTHORITIES      10

   A. THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION
      UNDER RULE 12(b)(1) BECAUSE JURISDICTION IS LACKING.    10
      1.  The Law:      10
      2.  Analysis:      11

   B. THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION
      BECAUSE PLAINTIFF LACKS STANDING TO BRING THIS ACTION.    12
      1.  The Law:      12
      2.  Analysis:      12

   C. THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION
      BECAUSE IT IS NOT RIPE FOR JUDICIAL DETERMINATION.    12
      1. The Law:      12
      2. Analysis:      13

   D. THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION
      UNDER RULE 12(b)(6) BECAUSE PLAINTIFF FAILED TO STATE
      A CAUSE OF ACTION AGAINST THEM.    13
      1.  The Law:      13
      2.  Analysis:      14

   E. THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION
      BECAUSE THERE IS NO ACTUAL CONTROVERSY BETWEEN THE
      MOSTYNS AND PLAINTIFF SUFFICIENT FOR A DECLARATORY
      JUDGMENT ACTION.    14
      1.  The Law:      14
      2.  Analysis:      16
         a.  Texas Is Not a Direct Action State      16
         b.  An Actual Controversy Does Not Exist Based on
            The Mostyns As Third Party Beneficiaries to The Policy    18

V.     CONCLUSION AND PRAYER      18

## <u>TABLE OF AUTHORITIES</u>

<u>CASES:</u>

*Abbott Laboratories v. Gardner*,
    387 U.S. 136 (1967)    12

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 277 (1937)    11, 15, 16

*Allen v. Wright*,
    468 U.S. 737 (1984)    12

*Arizona v. California*
    283 U.S. 423 (1931)    13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)    10, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)    11, 14

*Calderon v. Ashmus*,
    523 U.S. 740 (1998)    15

*Castro v. United States*,
    608 F.3d 1673 (5th Cir. 2010)`    10

*City of Colton v. Am. Promotional Events, Inc.-West*,
    614 F.3d 998 (9th Cir. 2010)    13

*Curvillier v. Sullivan*,
    503 F.3d 397 (5th Cir. 2007)    14

*Davis v. United States*,
    587 F.3d 646 (5th Cir. 2009)    11

*Doe v. County of Centre, PA*,
    242 F.3d 437 (3rd Cir. 2001)    13

*Georgia Advocacy Office, Inc. v. Camp*,
    172 F.3d 1294 (11th Cir. 1999)    12

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994)    10

*Lowe v. Ingalls Shipbuilding,*
　　723 F.2d 1173 (5th Cir. 1984)　　　　　　　　　　　　　9

*Lujan v. Defenders of Wildlife,*
　　504 U.S. 555 (1992)　　　　　　　　　　　　　　　10, 12

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,*
　　312 U.S. 270 (1941)　　　　　　　　　　　　　15, 16, 17

*Medlmmune, Inc. v. Genentech, Inc.,*
　　549 U.S. 118 (2007)　　　　　　　　　　　　　　　　18

*Middle South Energy, Inc. v. City of New Orleans,*
　　800 F.2d 488 (5th Cir. 1986)　　　　　　　　　　　　15

*Official Cmte. Of the Unsecured Creditor of Color Tile, Inc. v. Cooper & Lybrand, L.L.P.,*
　　322 F.3d 147 (2nd Cir. 2003)　　　　　　　　　　　　13

*Russell v. Hartford Cas.Ins. Co.,*
　　548 S.W.2d 737 (Tex. Civ. App. 1977, writ ref'd n.r.e.)　　17

*Shields v. Norton,*
　　289 F.3d 832 (5th Cir. 2002)　　　　　　　　　　　14, 15

*Shroyer v. New Cingular Wireless Services, Inc.,*
　　622 F.3d 1035 (9th Cir. 2010)　　　　　　　　　　　　14

*Standard Fire Ins.Co. v. Sassin,*
　　894 F. Supp. 1023 (N.D. Tex. 1995).　　　　　　　　　15

*State Farm County Mut. Ins. Co. of Texas v. Ollis*,
　　768 S.W.2d 722 (Tex. 1998)　　　　　　　　　　　　18

*State of Texas v. West Publishing,*
　　882 F.2d 121 (5th Cir. 1989)　　　　　　　　　　10, 13

*Thomas v. Union Carbide Agricultural Prod. Co.,*
　　437 U.S. 568 (1985)　　　　　　　　　　　　　　　　12

*Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.C.C.,*
　　322 F.3d 835 (5th Cir. 2003)　　　　　　　　　　　　18

*Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.,*
　　267 F. Supp. 2d 601 (E.D. Tex. 2003)　　　　　　　　17

**RULES:**

FRCP Rule 12(b)(1)                                            *passim*

FRCP Rule 12(b)(6)                                            *passim*

TRCP 51(6)                                                   17

**CONSTITUTION AND STATUTES:**

U.S. Const., Art. III. §2                                    10

28 USC 2201                                                  14

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OMEGA US INSURANCE, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-01484** |
| | § | |
| **JERRY HEITZMAN** | § | **JURY** |
| **CONSTRUCTION, et al.** | § | |
| **Defendants.** | § | |
| | § | |

---

**DEFENDANTS STEVE MOSTYN AND AMBER MOSTYN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR DECLARATAORY JUDGMENT UNDER FRCP
RULES 12(b)(1) AND 12(b)(6)**

---

**TO THE HONORABLE SIM LAKE**:

COME NOW, Steve Mostyn and Amber Mostyn, named as Nominal Defendants in the above and entitled cause ("Mostyns") and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, move this Court to dismiss the Mostyns from Plaintiff, Omega US Insurance, Inc.'s ("Omega") *First Amended Complaint for Declaratory Judgment* ("DJ Complaint").[1] In support of dismissing the Mostyns from this action the Mostyns show this Honorable Court as follows:

## I.      NATURE AND STAGE OF THE PROCEEDINGS

1.      Omega filed a DJ Complaint which arises out of a plumbing leak incident at the San Luis Condominiums located at 5220 Seawall Blvd. Galveston, Texas. The leak was allegedly caused by plumbing renovations in Unit 633 which were undertaken by Defendant Jerry Heitzman Construction ("Heitzman"). Heitzman's insurance policy was issued by Omega US Insurance,

---

[1] *See* Dkt. #19.

6

Inc. The Mostyns own a condominium in this complex, unit 334, which has not been damaged by the plumbing leak.

2.      Omega seeks a declaratory judgment that it has no obligations to provide coverage for any damages which allegedly occurred in December, 2011 as a result of the water leak incident.[2]

3.      The Mostyns were served with this suit at their office on July 10, 2012. The fact that they and the other condominium owners were sued only in a "nominal defendant" capacity is insignificant because like the Mostyns here, they will still be required to hire legal representation and file answers or motions to dismiss, and spend time and money defending this action in which liability has not been alleged. This is a waste of the personal resources of not only the Mostyns and the other individual's named in the DJ Complaint, but of this Court's judicial resources as well. As shown below, the Mostyns should not have been named as nominal defendants, and as to them this suit is totally unjustified and frivolous. The Mostyns should be dismissed from this suit.

## II.      ISSUES PRESENTED

4.      The issues presented by this motion are: (1) whether the Mostyns should be dismissed from this Declaratory Judgment action under Rule 12(b)(1) for lack of subject matter jurisdiction as to the Mostyns; (2) whether Plaintiff has standing to bring this Declaratory Judgment action; (3) whether this Declaratory Judgment action is ripe for judicial determination; (4) whether the Mostyns should be dismissed from this Declaratory Judgment action under Rule 12(b)(6) for Plaintiff's failure to state a claim against the Mostyns; and, (5) whether the Mostyns should be dismissed from this Declaratory Judgment action because of Plaintiff's failure to establish the existence of an "actual controversy" between the Mostyns and Plaintiff, as required by the Declaratory Judgment Act.

---

[2] *Id.*

### III.    SUMMARY OF ARGUMENT

5.      The Mostyns should be dismissed from this Declaratory Judgment action on any one of five grounds. First, as to the Mostyns this Court does not have subject matter jurisdiction because Omega has not and cannot plead a "plausible" set of facts to show the existence of the requisite "case or controversy" under Rule 12(b)(1). Other than identifying the names and address of the Mostyns, the DJ Complaint contains no specific factual allegations whatsoever concerning them. The Mostyns are not parties to the contract/insurance policy between Omega and Heitzman. The DJ Complaint does not identify whether the Mostyns individually have been damaged or identify how the Mostyns have any connection to this dispute. In fact, the Mostyns' condominium unit has <u>not</u> been damaged by the alleged leaking pipes from the unit that was renovated above them. Because there is no damage, there is no underlying state court action involving these parties or this incident and it is not "plausible" that there will be such a suit upon which this Court could base the existence of a case or controversy in this action.

6.      Second, Plaintiff Omega has no standing to bring this Declaratory Judgment action against the Mostyns. Standing is part of the showing of case or controversy. For standing, a plaintiff must show an injury-in-fact that involves an interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical. With regard to the Mostyns, Plaintiff cannot show an injury-in-fact because the Mostyns' unit has not been damaged. Consequently, if there is no reason to sue the contractor for damages to the Mostyns' unit as a result of the plumbing leak, there will be no reason for the contractor's insurance company, Omega, to be involved which would generate an injury-in-fact for Omega.

7.      Third, Plaintiff's Declaratory Judgment action is not ripe for judicial determination. The ripeness doctrine prevents premature adjudication. It is aimed at cases that do not yet have a

concrete impact upon the parties arising from a dispute, in an analysis similar to the injury-in-fact inquiry under the standing doctrine.

8.      Fourth, for the same reasons as above, as to the Mostyns, Omega has failed to allege a cognizable legal theory as required under Rule 12(b)(6). There are no facts showing the Mostyns to be third party claimants, tort plaintiffs, or potential third party beneficiaries under the policy in question; therefore, there is no "plausible" basis for a Declaratory Judgment action. It is well established that the Declaratory Judgment Act is procedural only and does not create a substantive cause of action on its own.[3]

9.      Finally, as to the Mostyns, Omega has failed to plead any facts to establish the existence of an "actual controversy" between itself and the Mostyns, as required under the Declaratory Judgment Act.

10.     In sum, because there is no case or controversy between the Mostyns and Omega sufficient to establish subject matter jurisdiction or Plaintiff's standing, the Mostyns should be dismissed from this suit. Alternatively, because a cognizable legal theory has not been plead or any facts alleged to establish the existence of an actual controversy between Omega and the Mostyns that comes within the purview of the Declaratory Judgment Act, the Mostyns are not proper parties under this Declaratory Judgment action and the action is not ripe for judicial determination; therefore the Mostyns should be dismissed.

---

[3] *See Lowe v. Ingalls Shipbuilding, Inc*., 723 F.2d 1173, 1179 (5th Cir. 1984).

## IV.    ARGUMENT AND AUTHORITIES

**A.    THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION UNDER RULE 12(b)(1) BECAUSE JURISDICTION IS LACKING.**

### 1.  The Law:

11.     Federal courts are courts of limited jurisdiction. The Constitution limits the federal judicial power to designated "cases" and "controversies".[4] Thus, federal courts do not have power to decide questions of law in a vacuum. They may only determine such matters as arise in the context of a genuine "case" or "controversy" within the meaning of Article III. To establish "a case or controversy" within the meaning of Article III, plaintiff must show the following as an "irreducible minimum:" (1) **injury in-fact,** which is concrete and not conjectural; (2) **causation**—a causal connection between the injury and defendant's conduct or omissions; and (3) **redressability,** which is a likelihood that the injury will be redressed by a favorable decision.[5] The burden of proof to show this Court has jurisdiction is on the party who invoked the court's jurisdiction—here, Plaintiff Omega.[6] In effect, the Court presumes lack of jurisdiction until plaintiff proves otherwise.[7]

12.     A challenge to the court's jurisdiction may be made under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Fifth Circuit has held that in considering a Rule 12(b)(1) motion, the *Twombly/Iqbal* "plausibility" standard applies. A claim is "plausible" on its face when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[8] Stated another way, to be "plausible" the factual

---

[4] *See* U.S. Const., Art. III, §2.
[5] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).
[6] *See State of Texas v. West Publishing Co.,* 882 F.2d 121, 125 (5th Cir. 1989).
[7] *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 376-78 (1994); *Castro v. United States,* 608 F3d 1673, 1675 (5th Cir. 2010).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

allegations must be enough to raise a right to relief "above the speculative level,"[9] –they cannot be merely conceivable, possible, or conclusory.[10] The "plausibility" standard is based on the FRCP (8)(a)(2) requirement that the complaint show that the plaintiff is entitled to relief.[11] The determination of whether a case or controversy exists is jurisdictional.[12] "A Rule 12(b)(1) motion should be granted if it appears that the plaintiff cannot prove a plausible set of facts that establishes subject matter jurisdiction."[13]

### 2. **Analysis:**

13.    Omega has failed in its burden to set forth facts sufficiently plausible to show the existence of a case or controversy between it and the Mostyns which would entitle Omega to a right to any relief, speculative or otherwise. The only mention of the Mostyns is in the "Parties" section of the DJ Complaint along with the number of their condominium unit and the Mostyn Law Firm address as the service for process.[14] The Mostyns are not parties to the insurance policy at issue. Nowhere in the DJ Complaint are facts alleged that the Mostyns' condominium unit suffered any damage as a result of the plumbing leak and in fact, it did not. Plaintiff cannot establish an injury-in-fact which is concrete and not conjectural. Because the Mostyn's property has not suffered any damage as a result of the contractor's negligence, there is not a likelihood for an underlying state court suit against the contractor which would then implement the Plaintiff Omega Insurance Company. Omega cannot establish an injury-in-fact to support the existence of or even a potential existence of a case or controversy which would give this Court subject matter jurisdiction as to the Mostyns. The Mostyns should be dismissed from this suit.

---

[9] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Iqbal,* 556 U.S. at 674-76.
[11] *Twombly,* 550 U.S. at 570.
[12] *See Aetna Life Ins. Co.v. Haworth*, 300 U.S. 277, 239-41 (1937).
[13] *Davis v. United States*, 587 F.3d 646, 649 (5th Cir. 2009).
[14] *See* Dkt. #19 at 4.

**B.   THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION BECAUSE PLAINTIFF LACKS STANDING TO BRING THIS ACTION.**

**1.   The Law:**

14.   "Standing" is a critically important jurisdictional limitation. It is "an essential and unchanging part of the case or controversy requirement of Article III.[15] Standing in federal court refers to "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."[16]

**2. Analysis:**

15.   Plaintiff Omega lacks standing to bring this Declaratory Judgment action. Plaintiff Omega lacks standing because it cannot show that it is entitled to an adjudication of the declaratory judgment relief that as to the Mostyns it seeks. As discussed above, Plaintiff cannot meet its burden to show the existence of a case or controversy of which standing is a critical component. A lack of standing requires a dismissal of the Mostyns from this suit.

**C.   THE MOSTYNS SHOULD BE DISMISSED BECAUSE THIS ACTION IS NOT RIPE FOR JUDICIAL DETERMINATION.**

**1.   The Law:**

16.   The ripeness doctrine prevents premature adjudication.[17] It is aimed at cases that do not yet have a concrete impact upon the parties arising from a dispute, in an analysis similar to the injury-in-fact under the standing doctrine discussed above.[18] Whereas "standing" is primarily concerned with who is a proper party to litigate a particular matter, "ripeness" addresses when that ligation may occur.[19] A declaratory judgment case must be "ripe" for judicial determination.

---

[15] *See Lujan v. Defenders of Wildfire*, 504 U.S. 555, 560 (1992).
[16] *See Allen v. Wright*, 468 U.S. 737, 752 (1984).
[17] *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967) overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99, 105 (1977).
[18] *See Thomas v. Union Carbide Agricultural Prod. Co.,* 437 U.S. 568, 580 (1985).
[19] *See Georgia Advocacy Office, Inc. v. Camp,* 172 F.3d 1294, 1298-99 (11thCir. 1999).

A dispute is not ripe or judicial determination "if it rests upon contingent future events that may not occur as anticipated or indeed may not occur at all."[20] A substantial controversy must exist between parties having adverse legal interests, "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[21] The Fifth Circuit has written that the adversarial relationship must have "*crystalized*" to the point that there is a *specific need for the court to declare the parties' rights and obligations*.[22]

### 2.   Analysis:

17.     This Declaratory Judgment action is not ripe for judicial determination. There is no concrete dispute/ substantial controversy between the Mostyns and Omega and certainly not one of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.[23] Based on the facts as recited above, there is not even an adversarial relationship between these parties – nothing has "crystalized" which requires this Court to declare the parties rights and obligation. The Mostyns should be dismissed from this action under the Doctrine of Ripeness.

### D.   THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION UNDER RULE 12(b)(6) BECAUSE PLAINTIFF FAILED TO STATE A CAUSE OF ACTION AGAINST THEM.

### 1.   The Law:

18.     Rule 12(b)(6) provides for the dismissal of an action for failure to state a claim for relief against the defendant. A Rule 12(b)(6) motion tests the *legal sufficiency* of the claim or claims stated in the complaint.[24] For purposes of Rule 12(b)(6), "claim" means a set of facts that, if

---

[20] *Doe v. County of Centre, PA,* 242 F.3d 437, 453 (3rd Cir. 2001)(quoting *Texas v. United States*, 523 U.S. 296, 300 (1998); *Arizona v. California*, 283 U.S. 423, 462 (1931)("[c]laims based merely upon assumed potential invasion of rights are not enough to warrant judicial intervention").

[21] *See City of Colton v. American Promotional Events, Inc.-West,* 614 F.3d 998, 1004-05 (9th Cir. 2010).

[22] *State of Texas v. West Publishing Co.*, 882 F.2d 303, 305 (5th Cir. 1989).

[23] *See City of Colton*, 614 F.3d at 1004-05.

[24] *See Official Cmte. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.,* 322 F.3d 147, 158 (2nd Cir. 2003)("[a] court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, and to assay the weight of the evidence which might be offered in support thereof").

established, entitle the pleader to relief.[25] A Rule 12(b)(6) dismissal is proper when the complaint

fails to allege either: (1) a cognizable legal theory, or (2) absence of sufficient facts alleged under

a cognizable legal theory.[26] In addition, to survive a motion to dismiss, the facts alleged must

state a *facially plausible* claim for relief.[27] The complaint does not need detailed factual

allegations, "but must provide the plaintiff's grounds for entitlement to relief—including factual

allegations that when assumed to be true 'raise a right to relief above the speculative level'"[28]

### 2.     Analysis:

19.     Like Rule 12(b)(1) the Mostyns' Rule 12(b)(6) motion is based essentially on the same

valid contention that there is no case or controversy between the Mostyns and Omega—there is

no cognizable legal theory pled or *facially plausible* set of facts alleged as to the Mostyns which

would show the Plaintiff has a claim for relief.  The Mostyns should be dismissed.

## E.     THE MOSTYNS SHOULD BE DISMISSED FROM THIS ACTION BECAUSE THERE IS <u>NO ACTUAL CONTROVERSY</u> BETWEEN THE MOSTYNS AND PLAINTIFF SUFFICIENT FOR A DECLARATORY JUDGMENT ACTION.

### 1.   The Law:

20.     The Declaratory Judgment Act provides, in relevant part:

> <u>In a case of **actual controversy** within its jurisdiction</u>,…any court of the United states, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.[29]

21.     Again, federal courts are limited by Article III of the United States Constitution to

hearing only "cases" and "controversies."[30] The Declaratory Judgment Act, therefore, recognizes

and respects the constitutional limitation and does not exempt federal district courts from the

---

[25] *Twombly*, 550 U.S. at 555 (2007).
[26] *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).
[27] *Id.*
[28] *Cuvillier v. Sullivan*, 503 F.3d 397(5th Cir. 2007)(footnote omitted)quoting *Twombly,* 550 U.S. at 554.
[29] *See* 28 USC §2201(emphasis added).
[30] *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002).

constitutional requirement that there be an <u>actual controversy</u> between the parties.[31] If there is no actual controversy between the parties, the district court lacks subject matter jurisdiction and must dismiss the case. The United States Supreme Court has held that there is no subject matter jurisdiction to grant declaratory relief as to rights and liabilities that do not yet exist or are not certain to arise.[32] Stated differently, an "actual controversy" exists if the contingency is likely to occur. In a declaratory judgment action based on diversity, federal law governs whether a "justiciable" controversy exists with the purview of the Declaratory Judgment Act.[33] A controversy in the constitutional sense is one that is appropriate for judicial determination.[34] Even a declaratory judgment action, must be ripe for decision: it may not be premature or speculative.[35]Thus, to determine whether a case or controversy exists and to be "justiciable," the court must determine, "**whether the facts alleged show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."**[36] Importantly, the United States Supreme Court has held that when courts are faced with declaratory judgment actions involving insurers and tort plaintiffs, <u>state law,</u> by defining the substantive rights of the parties, <u>plays a large role</u> in determining whether a case or controversy exists.[37] A declaratory judgment action among an insurer, an insured, **and a plaintiff in a pending lawsuit against the insured**

---

[31] *See Haworth*, 300 U.S. at 239-41 ; *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

[32] *See Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998)("[n]o case or controversy where action seeks declaratory relief as to validity of a defense the defendant may or may not raise in subsequent litigation.

[33] *See Standard Fire Ins. Co. v. Sassin,* 894 F. Supp. 1023, 1025 -26 (N.D. Tex. 1995).

[34] *Haworth,* 300 U.S. at 240.

[35] *Shields,* 289 F.3d at 835.

[36] *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941) citing *Haworth,* 300 U.S. at 239-42 (emphasis added);*Haworth*, 300 U.S. at 239-42.

[37] *See Maryland Cas Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).

constitutes a "controversy within the meaning of the Declaratory Judgment Act and Article III of

the Constitution.[38] Those are not the facts here.

### 2.   Analysis:

22.     Omega cannot establish the existence of an actual controversy in any shape or form

between itself and the Mostyns. The only statement in the DJ Complaint which references a

controversy reads as follows:

> The San Luis Condominium Association Unit Owners or Occupants and/or their
> Insurers have made and/or are expected to make claims against Heitman for the damages
> allegedly caused by the water leak from Heitzman's allegedly improper or defective
> plumbing work at the San Luis Condominiums (the 'Claims'). The known Claimants
> have been named as Nominal Defendants in this action. Plaintiff anticipates that other
> claims may be asserted in the future and will add theses claimants as Nominal
> Defendants, when identified." [39]

23.     The above is generic in nature. There is not a single fact alleged that gives rise to an

inference that there is *a substantial controversy* much less any controversy between Omega and

the Mostyns having adverse legal interests of sufficient immediacy which would warrant a

declaratory judgment.[40] There is no underlying suit between these parties and in fact, the

Mostyns' condominium unit did not suffer any damage; therefore, no suit is even contemplated.

Accordingly, there is no basis that would give this Court a basis for finding an actual controversy

between these parties and awarding declaratory relief. The Mostyns are not tort plaintiffs or third

party "Claimants" nor do they anticipate becoming either in the future.

### a.   Texas Is Not a Direct Action State.

24.     As noted above, the United States Supreme Court has held that when courts are faced

with declaratory judgment actions involving insurers and tort plaintiffs, state law, by defining the

---

[38] *Id.*
[39] *See* Dkt. #19 at 10.
[40] *Maryland Casualty Co. ,* 312 U.S. at 273 (1941) citing *Aetna,* 300 U.S. at 239-42 (emphasis added);*Haworth*, 300
U.S. at 239-42.

substantive rights of the parties, <u>plays a large role</u> in determining whether a case or controversy exists.[41] Here, the Mostyns could never be tort plaintiffs under these circumstances because Texas is not a direct action state which means an injured party is prohibited from suing directly the insurer of a tortfeasor. The relief that Omega seeks by its Declaratory Judgment as to the Mostyns is to have the Court declare that it is not liable under Heitzman's insurance policy for any damages in a future state court lawsuit that might be brought by the Mostyns against it. This scenario however is not even possible under Texas law. In a diversity case such as this one, and where the claims are based on state law, the relief sought must be available under state law.[42] The relief sought here is <u>not</u> available under Texas law.

25.     If Texas law, which does not have a direct action statute is applied, the substantive rights between these parties are clear: the Mostyns would never be able to sue Omega directly for any damage to their condominium unit as a result of the leaking water pipe allegedly caused by Omega's policyholder, Heitzman, even assuming that there was any damage, which the Mostyns assert there was not. Simply stated, Texas plaintiffs are barred from bringing a tort suit directly against the tortfeasor's insurance company.[43] Common sense dictates that this Court cannot afford a recovery if the right to recover is made *unavailable* by the state.[44]  Because there is no pending or actual controversy between Omega and the Mostyn, as there was no damage to the Mostyns' unit, and because Texas law bars a recovery even if there was a pending or actual controversy, the Mostyns are not proper parties to Omega's DJ Complaint. The Mostyns, therefore, should be dismissed from this DJ Complaint.

---

[41] *See Maryland Cas Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).

[42] *See Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.,* 267 F. Supp.2d 601, 630 (E. D. Tex. 2003).

[43] *See Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 741 (Tex. Civ. App. 1977, writ ref'd n.r.e.); *see also* TEX. R.CIV. P. Rule 51(b)(precluding joinder of a liability or indemnity insurance company in a tort case unless the insurance company is by statute or contract directly liable to the person injured or damaged).

[44] *Id.*

**b.   An Actual Controversy Does Not Exist Based on the Mostyns as Third Party Beneficiaries to the Policy.**

26.     Likewise, an actual controversy does not exist based on the Mostyns as potential third party beneficiaries of the policy between Omega and Heitzman. It is well established that in Texas "a party <u>injured</u> by the insured is a third party beneficiary of a liability insurance policy; however, the party cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."[45] The Mostyns are not even potential third party beneficiaries because their property was not damaged. As previously noted, there is no underlying state court suit pending between these parties regarding this matter that would result in a judgment or settlement which would then entitle the Mostyns to third party beneficiary status. Thus, the Mostyns are entitled to the dismissal of this action against them.

## V.     CONCLUSION AND PRAYER

27.     The Mostyns should be dismissed from this action. Omega has failed to meet its burden under Rule 12(b)(1) to show that this Court has jurisdiction as to the Mostyns. There are no plausibility facts alleged which establish a case or controversy between the parties or which assert a cognizable legal theory under Rule 12(b)(6). Plaintiff has no standing to bring this action and it is not ripe for a judicial determination. Finally, the tenants of a "justiciable" controversy sufficient to sustain a declaratory judgment action cannot be met--there is no substantial controversy, between parties having adverse interests, of sufficient immediacy and reality.[46] A dismissal of the Mostyns is warranted.

---

[45] *State Farm County Mut. Ins. Co. of Tex. v. Ollis,* 768 S.W.2d 722, 723 (Tex. 1998)(per curiam).

[46] *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127(2007); *see also Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.,* 322 F.3d 835, 838 (5th Cir. 2003)("[i]n the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.").

WHEREFORE, PREMISES CONSIDERED, the Mostyns respectfully move that their Motion to Dismiss be granted and that the Court dismisses them from the above entitled and numbered cause and grant them such other and further relief to which they may show themselves justly entitled either at law or in equity.

Respectfully submitted,

**THE MOSTYN LAW FIRM**
 */s/ René M. Sigman*
René M. Sigman        Attorney-in-Charge
Federal Bar No. 900984
Texas Bar No. 24037492
Kay K. Morgan
Federal Bar No. 2924
State Bar No. 05358600
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the United States District Court for the Southern District of Texas and that either through the electronic filing system and/or by facsimile; a copy of the foregoing document was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure on this 12th day of July, 2012.

*/s/ René M. Sigman*
René M. Sigman

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted Robbie Moehlmann, who represents Omega US Insurance Co. in the above entitled and numbered cause and Mr. Moehlmann represented his opposition to the above motion.

*/s/ Kay K. Morgan*
Kay K. Morgan
